# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

ZACHARY CHARLES CROCKETT                                                    PLAINTIFF

v.                          Case No. 4:18-cv-00813-KGB

LITTLE ROCK POLICE DEPARTMENT, *et al*.                                    DEFENDANTS

## ORDER

Plaintiff Zachary Charles Crockett, who is currently an inmate at the Pulaski County Detention Center, filed a *pro se* complaint, pursuant to 42 U.S.C. § 1983, on October 31, 2018, naming as defendants the Little Rock Police Department and Little Rock Police Chief Stuart Thomas (Dkt. No. 2). Pending before the Court is Mr. Crockett's second motion for leave to proceed *in forma pauperis* (Dkt. No. 5).

### I.     *In Forma Pauperis* Application

Under the Prison Litigation Reform Act ("PLRA"), a prisoner who is permitted to file a civil action *in forma pauperis* still must pay the full statutory filing fee of $350.00. 28 U.S.C. § 1915(b)(1). The only question is whether a prisoner will pay the entire filing fee at the initiation of the proceeding or in installments over a period of time. *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). Even if a prisoner is without assets and unable to pay an initial filing fee, he will be allowed to proceed with his § 1983 claims, and the filing fee will be collected by the Court in installments from the prisoner's inmate trust account. 28 U.S.C. § 1915(b)(4). If the prisoner's case is subsequently dismissed for any reason, including a determination that it is frivolous, malicious, fails to state a claim, or seeks monetary relief against a defendant who is immune from such relief, the full amount of the $350.00 filing fee will be collected, and no portion of this filing fee will be refunded to the prisoner. *See* 28 U.S.C. § 1915(b)(1).

Mr. Crockett has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a) (Dkt. No. 5). Accordingly, Mr. Crockett's motion to proceed *in forma pauperis* is granted. Based on the information contained in Mr. Crockett's account information sheet, the Court assesses an initial partial filing fee in the amount of $5.12. After the filing fee is collected, Mr. Crockett will be obligated to make monthly payments in the amount of 20 percent of the preceding month's income credited to Mr. Crockett's prison trust account each time the amount in the account exceeds $10.00 until the balance of the $350.00 filing fee is fully paid. 28 U.S.C. § 1915(b)(2).

**II.    Background**

Mr. Crockett alleges that he was biking to his job at the Greyhound bus station in the predawn hours of July 10, 2018, when he noticed a Little Rock Police Department patrol car (Dkt. No. 2, at 4-5). Eventually, the car stopped behind Mr. Crockett at a stop sign, then followed him for one-and-a-half blocks before pulling him over (*Id*., at 5). The officer explained that he stopped Mr. Crockett because he observed Mr. Crockett pause at a car with an open window, then ride off after he realized he was being watched (*Id*.). Mr. Crockett alleges that the officer lacked probable cause to pull him over and maintains that racism and racial profiling prompted the stop (*Id*., at 5-6).

Mr. Crockett, who has been convicted of a felony, denied consent for the officer to pat him down and fled on his bicycle; he was in possession of a firearm and feared the officer's reaction if the officer found out (*Id*., at 6). Apparently, the officer gave chase and ultimately found the firearm, as Mr. Crockett explains that he ended up with three stitches and criminal charges that remain pending (*Id*., at 6-7). He is currently detained awaiting trial (Dkt. No. 2, at 3). In his

request for relief, Mr. Crockett seeks damages, a full investigation, and that all charges against him be dropped (*Id.*, at 8).

### III. Screening

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (1) are legally frivolous or malicious; (2) fail to state a claim upon which relief may be granted; or (3) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). The *in forma pauperis* statute also imposes these standards for dismissal. 28 U.S.C. § 1915(e)(2)(B).

An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In reviewing the sufficiency of a *pro se* complaint under the Court's screening function, the Court must give the complaint the benefit of a liberal construction. *Estelle v. Gamble,* 429 U.S. 97, 106 (1976). The Court also must weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez,* 504 U.S. 25, 32 (1992). Although *pro se* complaints are to be liberally construed, the complaint must allege specific facts sufficient to state a claim. *See Martin v. Sargent,* 780 F.2d 1334, 1337 (8th Cir. 1985).

## IV. Discussion

In *Younger v. Harris*, 401 U.S. 37 (1971), the Supreme Court held that federal courts should abstain from interfering in ongoing state-court proceedings. The Court explained the rationale for such abstention as follows:

> [The concept of federalism] represent[s] . . . a system in which there is sensitivity to the legitimate interests of both State and National Governments, and in which the National Government, anxious though it may be to vindicate and protect federal rights and federal interests, always endeavors to do so in ways that will not unduly interfere with the legitimate activities of the States.

*Id*. at 44.

Accordingly, a federal court should abstain from hearing constitutional claims when: (1) there is an ongoing state proceeding; (2) the state proceeding implicates important state interests; and (3) there is an adequate opportunity in the state proceedings to raise the constitutional challenges. *Id.* at 43-45; *Tony Alamo Christian Ministries v. Selig*, 664 F.3d 1245 (8th Cir. 2012); *Plouffe v. Ligon*, 606 F.3d 890, 893 (8th Cir. 2010). If these three elements are satisfied, the court should abstain unless it detects "bad faith, harassment, or some other extraordinary circumstance that would make abstention inappropriate." *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n*, 457 U.S. 423, 435 (1982). These exceptions, though, must be narrowly construed. *Aaron v. Target Corp.*, 357 F.3d 768, 778 (8th Cir. 2004). "[I]ntervention by federal courts in ongoing state proceedings requires that the 'circumstances must be 'extraordinary' in the sense of creating an extraordinary pressing need for immediate federal equitable relief . . . .'" *Id*. at 779 (internal citation omitted).

The state criminal proceedings against Mr. Crockett are ongoing, Arkansas clearly has an important interest in enforcing its criminal laws, and Mr. Crockett is able to raise any

4

constitutional claims during his state proceedings. Further, Mr. Crockett does not allege, and his complaint does not otherwise indicate, extraordinary circumstances that would warrant federal intervention in the on-going state-court proceedings. Accordingly, *Younger* abstention is appropriate. When a plaintiff seeks damages, as Mr. Crockett does in this action, his case should be stayed under *Younger* rather than dismissed. *Night Clubs, Inc. v. City of Fort Smith*, 163 F.3d 475, 481-82 (8th Cir. 1998). Accordingly, Mr. Crockett's case should be stayed and administratively terminated until the criminal charges against him have been fully resolved. At that time, if Mr. Crockett desires to continue to pursue his claim, he may petition the Court to reopen this case by filing a written motion and referring to this case by its case number.

**V.      Conclusion**

It is therefore ordered that:

1. Mr. Crockett's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is granted.

2. As Mr. Crockett's present custodian, the Administrator of the Pulaski County Detention Center, or his designee, or any future custodian, is directed to collect from Mr. Crockett's institutional the initial filing fee of $5.12 and the remainder the $350.00 filing fee by collecting monthly payments equal to 20% of the preceding month's income credited to Mr. Crockett's account each time the amount in the account exceeds $10.00. The Administrator of the Pulaski County Detention Center, or his designee, or any future custodian, is further directed to forward the payments to the Clerk of the Court in accordance with 28 U.S.C. § 1915(b)(2), until a total of $350.00 has been collected and forwarded to the Clerk. The payments must be clearly identified by the name and number assigned to this action.

3. The Clerk of the Court is directed to send a copy of this order to the Administrator of the Pulaski County Detention Center, 3201 West Roosevelt Road, Little Rock, Arkansas 72204.

4. The Clerk of the Court is directed to stay and administratively terminate this proceeding pending final disposition of Mr. Crockett's criminal charges.

5. This case is subject to reopening upon Mr. Crockett's filing of a motion to reopen the case after such final disposition of his criminal charges.

6. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from this Order would not be taken in good faith.

So ordered this 4th day of February, 2019.

_____
Kristine G. Baker
United States District Judge